FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 13, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

ZACHARY WAYNE JONES,

                        Movant,

        -vs-

UNITED STATES OF AMERICA,

                        Respondent.

No.     2:16-CR-0091-WFN-1

ORDER DENYING § 2255 MOTION

Before the Court is Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence. (ECF No. 63). The Motion is submitted by Mr. Jones, who is appearing *pro se* in these proceedings.

## BACKGROUND

Mr. Jones was indicted on June 7, 2016, for transportation of a minor with intent to engage in criminal sexual activity. ECF No. 1. Mr. Jones pled guilty and was sentenced to 120 months imprisonment and 15 years supervised release. ECF No. 53. Mr. Jones now challenges his conviction due to intervening authority, *Esquivel-Quintata v. Sessions*, 137 S. Ct. 1562 (2017). Mr. Jones asserts that the case establishes that the federal age of consent is 16. He argues he cannot be convicted of any federal sex crime for activities between an adult and 16 year old minor.

## DISCUSSION

To gain relief, Mr. Jones must establish that (1) he is in custody under a sentence of this federal court; (2) his request for relief was timely; and (3) the court lacked either personal or subject matter jurisdiction, the conviction or sentence is unconstitutional, the conviction or sentence violates federal law, or the sentence or judgment is otherwise open to collateral attack. 28 U.S.C. § 2255. Mr. Jones has proven the first two elements.

However, as explained below, the Court finds that he has not shown that the conviction was illegal.

Mr. Jones was convicted of transportation of a minor with intent to engage in criminal sexual activity.

> A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage in prostitution, or in *any sexual activity for which any person can be charged with a criminal offense*, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C.A. § 2423(a) (West 2018) (emphasis added). Mr. Jones admitted in his Plea Agreement that he transported a 16 year old girl in interstate commerce. Plea Agreement, ECF No. 44. He acknowledged that he intended to travel to Virginia to engage in sexual activity with the girl. *Id*. He further agreed that Va. Code. Ann § 18.2-371 criminalizes consensual sex between a 16 year old and an adult. *Id*. However, he argues that even though he acknowledged his conduct, the conviction is illegal because following *Esquivel-Quintana*, federal criminal convictions cannot be sustained for consensual sexual activity between individuals of the federal age of consent or older.

In *Esquivel-Quintana*, the Supreme Court examined whether a statutory rape charge under California law qualified as an aggravated felony pursuant to the Immigration and Nationality Act (INA). The INA distinguishes between deportable and non-deportable criminal offenses. An alien is subject to deportation if their underlying conviction qualifies as a deportable offense. According to the INA, "Any alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C.A. § 1227 (West 2018). So the Supreme Court had to decide whether the California statutory rape conviction meets the federal definition of an aggravated felony. In order to make this determination, the Supreme Court compared the elements of California's statutory rape statute to the generic elements of the crime. The Supreme Court examined each element

of the California law to ensure it does not criminalize conduct not included in the generic version of the crime. The Supreme Court concluded that statutory rape statutes that criminalize consensual sex between parties 16 years or older do not meet the generic definition of an aggravated felony.

*Esquivel-Quintana* turned on the definition of an aggravated felony in the INA. Mr. Jones' statute of conviction is not the INA, so the issue is not whether Virginia's statutory rape law meets the generic definition of a corresponding aggravated felony, but instead whether Mr. Jones intended to engage in "any sexual activity for which any person can be charged with a criminal offense." 18 U.S.C. § 2423(a). His statute of conviction does not depend on the generic definition of any specific crime because it includes *any* criminal offense based on sexual activity. So while the Court concurs with Mr. Jones that Va. Code Ann. 18.2-371(ii) does not meet the generic definition of statutory rape, the issue is immaterial as to whether he engaged in sexual activity for which any person can be charged with a criminal offense as required by 18 U.S.C. § 2423(a). Virginia criminalizes sexual intercourse between a child 15 years or older and an adult. Mr. Jones acknowledges it was his intention to travel to Virginia with a 16 year old girl in order to have sex with her. Mr. Jones could have been charged with a criminal offense in Virginia regardless of the federal age of consent. This is sufficient to prove that he met the elements for 18 U.S.C. §2423(a).

## CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a circuit justice issues a certificate of appealability finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2013). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the Court's preceding analysis, the Court concludes that jurists of reason would not differ with the Court's conclusion. Thus a certificate of appealability should not issue.

The Court has reviewed the file and Movant's Motion and is fully informed. Accordingly,

**IT IS ORDERED** that Mr. Jones' Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, filed April 2, 2018, **ECF No. 63**, is **DENIED**.

The District Court Executive is directed to:

- File this Order,
- Provide copies to counsel and *pro se* Movant
- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **DENIED**; **AND**
- **CLOSE** the corresponding civil file, 2:18-CV-0115-WFN.

**DATED** this 13th day of June, 2018.

s/ Wm. Fremming Nielsen
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

06-12-18

ORDER ON § 2255 MOTION - 4