FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 21, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    -vs-<br><br>ZACHARY WAYNE JONES,<br><br>    Defendant. | No.   2:16-CR-0091-WFN-1<br><br>ORDER |

    Pending before the Court is Defendant's *pro se* Amended Motion under 18 U.S.C. § 3583(e)(2) and Pursuant to Fed. R. Crim. P. 32.1(c) [for] Modification of Conditions of Supervision. ECF No. 109.

    On May 1, 2016, a sixteen-year-old girl with a diminished mental capacity, K.I., was reported missing in Spokane, Washington. ECF No. 50 ¶¶ 9–16. K.I. was eventually found in Ohio, naked in the back of Defendant's car. *Id.* ¶ 25. Defendant met K.I. online and persuaded her to run away with him to Virginia where they would have a sexual relationship. *Id.* ¶¶ 10–12, 27–29, 33, 42, 48–49. After Defendant picked K.I. up in Washington, he tried to prevent her guardians from finding her by, among other things, disguising her appearance and destroying her cellphone. *Id.* ¶¶ 28–30, 43–44. K.I. had the mental capacity of an eleven-year-old at this time. *Id.* ¶15. Defendant was thirty. *See id.* at 1.

    Defendant pled guilty to Transportation of a Minor with the Intent to Engage in Criminal Sexual Activity. ECF No. 53. He was sentenced to ten years of incarceration followed by fifteen years of supervised release. *Id.* Defendant appealed his conviction, ECF No. 58, but the Ninth Circuit eventually dismissed the appeal on Defendant's motion, ECF No. 62. Defendant then challenged his conviction by filing successive § 2255 motions, ECF Nos. 63, 101, which were both denied. ECF Nos. 67, 107.

ORDER - 1

Defendant now contests his special conditions of supervised release. ECF No. 109. He asks the Court to remove or limit conditions forbidding pornography, restricting his use of computers, and requiring sex offender treatment. *Id.* at 2–5. Specifically, Defendant asks the Court to remove or limit Special Conditions 5, 6, 9, 11, and 12. *Id.* at 1–6. The Court denies Defendant's request for the reasons explained below.

**The Court will not remove or modify Special Condition 5 or 6.**

Special Conditions 5 and 6 relate to Defendant's use of computer equipment. At sentencing, the Court stated the following orally: "Any computer equipment that you use must be approved by your probation officer and supervised and be subject to examination, even if it requires taking it somewhere to have it examined. And you can't use any software programs that would hide or cover-up the type of use."

In the written judgment, Special Condition 5 provides: "You must maintain a complete and current inventory of your computer equipment and provide it to the supervising officer. You must provide a monthly record of computer usage and bills pertaining to computer access to the supervising officer." ECF No. 53 at 5.

Special Condition 6 provides:
> You must allow the probation officer, or designee, to conduct random inspections, including retrieval and copying of data from any computer, or any personal computing device that you possess or have access to, including any internal or external peripherals. This may require temporary removal of the equipment for a more thorough inspection. You must not possess or use any public or private data encryption technique or program. You must purchase and use such hardware and software systems that monitor your computer usage, if directed by the supervising officer.

*Id.*

Defendant argues Special Condition 5 must be removed under *United States v. Hernandez*, 795 F.3d 1159, 1169 (9th Cir. 2015), because it was not included in the Court's oral pronouncement. ECF No. 109 at 1.

ORDER - 2

The Court disagrees. True, the oral pronouncement of sentence controls over the written judgment if the two are in conflict. *See Hernandez*, 795 F.3d at 1169. But that rule only applies "in cases where there is a direct conflict between an unambiguous oral pronouncement of sentence and the written judgment." *United States v. Hicks*, 997 F.2d 594, 597 (9th Cir. 1993). Here, there is no conflict. The Court announced orally that Defendant's use of computer equipment would be supervised by his probation officer. The written judgment provides additional detail by specifying the way Defendant's probation officer will supervise his use. *See* ECF No. 53 at 5; *cf. United States v. Trujillo*, 402 F. App'x 323, 324 (9th Cir. 2010) ("[T]he district court did not err in requiring the defendant to undergo at least two drug tests in its written judgment because it didn't directly conflict with its oral sentence requiring 'periodic drug testing . . . not to exceed eight tests per month.'"). The Court rejects Defendant's argument because the oral pronouncement and written judgment are not in conflict.

Defendant asks the Court to strike Special Condition 6 for two reasons. ECF No. 109 at 1–3.

First, Defendant argues the oral condition conflicts with the written condition because the oral condition requires Defendant to get permission from his probation officer before using any computer equipment, and the written condition does not. *Id.* at 1. The court rejects this argument. To the extent the oral pronouncement conflicts with the written judgment, the oral pronouncement controls. *See Hernandez*, 795 F.3d at 1169. Therefore, Defendant is required to get permission from his probation officer before using computer equipment.

Second, Defendant argues Special Condition 6 is unduly burdensome because computer equipment is ubiquitous, and his use will be monitored in any case. *See* ECF No. 109 at 2–3. The Court rejects this argument as well. Defendant's computer use was essential to his crime of conviction, and this was not the first time Defendant used computers to engage minors in sexual activity. ECF No. 50 ¶¶ 8–55. The restrictions are intended to protect the public and promote Defendant's rehabilitation. Therefore,

ORDER - 3

the restrictions are appropriate. *See United States v. LaCoste*, 821 F.3d 1187, 1191 (9th Cir. 2016).

The Court also rejects Defendant's challenges to Special Conditions 5 and 6 because they cannot be raised in a motion to modify the terms of supervised release under 18 U.S.C. § 3583(e)(2). *See United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002). The Court may modify the terms of supervised release under § 3583(e)(2) based on the consideration of specific listed factors, but § 3583(e)(2) does not allow the Court to modify the terms of supervised release based on an argument that the sentence was illegal when it was entered. *Id.* Defendants must challenge the legality of their sentence by direct appeal, Rule 35(c) motion, or § 2255 petition. *Id.* They may not use § 3583(e)(2) as an end-around. *Id.*

**The Court will not remove or modify Special Condition 9.**

Special Condition 9 forbids pornography. At sentencing, the Court stated orally: "No pornographic material." The written judgment provides more detail. ECF No. 50 at 5. It states:

> You are prohibited from possessing or manufacturing any material, including videos, magazines, photographs, computer-generated depictions, or any other media that depict sexually explicit conduct involving children or adults, as defined at 18 U.S.C. § 2256(2). You must not enter any establishment involved in the sex industry, including but not limited to adult bookstores, massage parlors, and strip clubs. You must not utilize any sex-related adult telephone numbers. The supervising officer is authorized to monitor compliance in this area by obtaining relative records including but not limited to telephone, Internet, credit cards and bank statements.

*Id.*

First, Defendant argues that the oral pronouncement is impermissibly vague under *United States v. Guagliardo*, 278 F.3d 868 (9th Cir. 2002). ECF No. 109 at 1. In *Guagliardo*, the court prohibited possession of "'any pornography,'" without explaining what

ORDER - 4

"pornography" included. *See Guagliardo*, 278 F.3d at 872. Here, in contrast, the written judgment provides a detailed description of the prohibited conduct. *See* ECF No. 50 at 5. Ambiguity in an oral pronouncement may be clarified in the written judgment. *See United States v. Garcia*, 37 F.3d 1359, 1368 (9th Cir. 1994), *overruled in part on other grounds as recognized in United States v. Jackson*, 167 F.3d 1280 (9th Cir. 1999). Because the judgment tells Defendant exactly what conduct is prohibited, the condition is not impermissibly vague. *See Guagliardo*, 278 F.3d at 872.

Second, Defendant argues that Special Condition 9 is illegal under *United States v. Gnirke*, 775 F.3d 1155 (9th Cir. 2014), because it deprives him of more liberty than necessary by applying the definition in 18 U.S.C. § 2256(2) to depictions of adult sexual activity. ECF No. 109 at 1–2.

The Court disagrees. In *Gnirke*, the Ninth Circuit considered a special condition much like the one at issue here. *See Gnirke*, 775 F.3d at 1159. The condition prohibited the defendant from possessing "any materials such as videos, magazines, photographs, computer images or other matter that depicts 'sexually explicit conduct' involving children and/or adults, as defined by 18 [U.S.C. §] 2256(2); and [from] patroniz[ing] any place where such materials or entertainment are available." *Gnirke*, 775 F.3d at 1159. The Ninth Circuit noted the condition could be interpreted so broadly that it would prohibit the defendant from possessing "*non*-pornographic depictions of 'sexually explicit conduct' involving only adults, and . . . going places where these materials or entertainment may be found," such as a library. *Id.* at 1164. So construed, the condition would sweep too broadly. *See id.* at 1163–64. However, the Ninth Circuit adopted a more limiting construction of the condition and read it as applying only to "materials with depictions of 'sexually explicit conduct' involving children, as defined by 18 U.S.C. § 2256(2), and . . . materials with depictions of 'sexually explicit conduct' involving adults, defined as explicit sexually stimulating depictions of adult sexual conduct that are deemed inappropriate by [the defendant]'s probation officer." *Id.* at 1166. Special Condition 9 in this case is subject to the same construction. *See id.* As used in Special

ORDER - 5

Condition 9, "media that depict[s] sexually explicit conduct" means "any materials with depictions of 'sexually explicit conduct' involving children, as defined by 18 U.S.C. § 2256(2)" or "any materials with depictions of 'sexually explicit conduct' involving adults, defined as explicit sexually stimulating depictions of adult sexual conduct that are deemed inappropriate by Defendant's probation officer."

Third, Defendant argues that he does not have a problem with adult pornography, that pornography did not lead to his crime, and that the Court did not make sufficient findings to restrict his First Amendment right to adult pornography. ECF No. 109 at 3–5. The Court disagrees. At sentencing, the Court explained the findings that supported Special Condition 9. Defendant exhibited a concerning pattern of sexual obsession. His crime was motivated by his sexual interest in the minor victim. And that was not the first time Defendant had acted sexually toward minors. Defendant also sent adult pornography to 16-year-old boys and posed as a teen girl to engage in sexual relationships with them. ECF No. 50 ¶¶ 43–44. In these circumstances, a condition proscribing adult pornography is entirely appropriate because it is reasonably related to the protection of the public and Defendant's rehabilitation. *See Gnirke*, 775 F.3d at 1162; *United States v. Bee*, 162 F.3d 1232, 1235 (9th Cir. 1998).

Finally, the Court also rejects Defendant's challenges to Special Condition 9 because they cannot be raised in a § 3583(e)(2) motion. *See Gross*, 307 F.3d at 1044 (holding defendants cannot challenge the legality of their conditions of supervised release with a § 3583(e)(2) motion).

**The Court will not remove or modify Special Condition 11 or 12.**

Special Conditions 11 and 12 relate to sex offender treatment. At sentencing, the Court stated orally that Defendant must undergo a "sex offender evaluation" and "follow-up on any recommendation for counseling programs."

In the written judgment, Special Condition 11 provides: "You must complete a sex offender evaluation, which may include psychological and polygraph testing. You must pay

according to your ability and allow the reciprocal release of information between the evaluator and supervising officer." ECF No. 50 at 5.

Special Condition 12 provides:

You must actively participate and successfully complete an approved state-certified sex offender treatment program. You must follow all lifestyle restrictions and treatment requirements of the program. You must participate in special testing in the form of polygraphs, in order to measure compliance with the treatment program requirements. You must allow reciprocal release of information between the supervising officer and the treatment provider. You must pay for the treatment and testing according to your ability.

*Id.*

Defendant argues that Special Conditions 11 and 12 should be combined and modified so that they track the Court's oral pronouncement exactly. ECF No. 109 at 2. The oral pronouncement requires Defendant to undergo a sex offender evaluation and comply with the recommendations from that evaluation. The written judgment explains that requirement in more detail, which is appropriate. *See Garcia*, 37 F.3d at 1368. However, the written judgment also requires sex offender treatment regardless of whether it is recommended upon evaluation. ECF No. 50 at 5. In this regard, the oral pronouncement and written judgment are in conflict. Nevertheless, conflict between the oral pronouncement and the written judgment is not a proper basis for modifying the terms of supervised release under § 3583(e)(2). *See Gross*, 307 F.3d at 1044. Therefore, the Court will not modify Special Condition 12.

The Court has reviewed the file and the Motion and is fully informed. Accordingly,

**IT IS ORDERED** that:

1. Defendant's Motion under 18 U.S.C. § 3583(e)(2) and Pursuant to Fed. R. Crim. P. 32.1(c) Modification of Conditions of Supervision, filed March 27, 2023, **ECF No. 108**, is **DENIED AS MOOT.**

ORDER - 7

    2. Defendant's Amended Motion under 18 U.S.C. § 3583(e)(2) and Pursuant to Fed. R. Crim. P. 32.1(c) Modification of Conditions of Supervision, filed March 31, 2023, **ECF No. 109**, is **DENIED**.

    The District Court Executive is directed to file this Order and provide copies to counsel **AND** *pro se* Defendant **AND** United States Probation Officer Cassandra Lerch.

    **DATED** this 21st day of June, 2023.

06-20-23

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 8